UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DARREN GILBERT,<br><br>                Plaintiff,<br><br>     v.<br><br>7-ELEVEN, INC. dba 7-ELEVEN #23615; JATINDER BRAR dba 7-ELEVEN #23615; JATINDER SINGH BRAR dba 7-ELEVEN #23615; I-CHUNG HO, Trustee of the HO LIVING TRUST dated October 26, 1991; MIN-CHING HO, Trustee of the HO LIVING TRUST dated October 26, 1991; and KATHLEEN A. HO,<br><br>                Defendants. | No. 2:21-cv-01984 WBS KJN<br><br>ORDER RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

----oo0oo----

Plaintiff Darren Gilbert brought this action against defendants 7-Eleven, Inc., Jatinder Brar, and Jatinder Singh Brar, all allegedly doing business as 7-Eleven #23615; I-Ching Ho and Min-Ching Ho, Trustees of the Ho Living Trust; and Kathleen A. Ho.  Plaintiff alleges that he encountered several physical

1

barriers to access when he made purchases at a 7-Eleven store owned and operated by defendants, located at 348 Elkhorn Boulevard in Rio Linda, California.  He asserts that these barriers to access violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"); the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 et seq.; and Cal. Health & Safety Code § 19955 et seq.  (Compl. (Docket No. 1).)  Plaintiff now moves for summary judgment on his ADA and Unruh Act claims. (Docket No. 18.)

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party may move for summary judgment either for one or more claims or defenses, or for portions thereof. Id.  A material fact is one "that might affect the outcome of the suit under the governing law," and a genuine issue is one that could permit a reasonable trier of fact to enter a verdict in the non-moving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Any inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

To prevail on his ADA claim, plaintiff must show that he was denied public accommodations by the defendant because of his disability.  Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).  The standards for determining accessibility to public accommodations under the ADA are set forth by the Accessibility Guidelines which "provide[] the objective contours

2

of the standard that architectural features must not impede disabled individuals' full and equal enjoyment of accommodations." Chapman v. Pier 1 Imps. (U.S.), Inc., 631 F.3d 939, 945 (9th Cir. 2011) (en banc); see 28 C.F.R. pt. 1191 ("2010 Standards"); 28 C.F.R. pt. 36, App. D ("1991 Standards").

Defendants contend that the conditions plaintiff allegedly encountered at the time of his visits to the 7-Eleven store either were not violations of the guidelines or have since been remedied. Based on the evidence presented by the parties -- including reports from both parties of inspections occurring before and after defendants' remedial measures -- the court concludes that there remain genuine disputes of material fact concerning multiple alleged violations of the applicable Accessibility Guidelines which preclude the granting of summary judgment on plaintiff's ADA claim.

The Unruh Act "incorporates the substantive standards of the ADA and creates a private right of action as a matter of state law." Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council Inc., 896 F. Supp. 2d 849, 865 (N.D. Cal. 2012); Cal. Civ. Code § 51(f). Unlike the ADA, the Unruh Act permits plaintiffs aggrieved by access barriers to recover damages. See Cal. Civ. Code § 52(a); Munson v. Del Taco, Inc., 46 Cal. 4th 661, 669 (Cal. 2009). Because plaintiff has not met his burden of showing that he is entitled to summary judgment on the ADA claim, he has likewise failed to meet his burden of showing his entitlement to summary judgment on the Unruh Act claim.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment (Docket No. 18) be, and the same hereby is,

DENIED.

Dated: May 31, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE