UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREN GILBERT,

Plaintiff,

v.

7-ELEVEN, INC., DBA 7-ELEVEN #23615, et al.,

Defendants.

Case No. 2:21-cv-01984-WBS-CSK

ORDER DENYING PLAINTIFF'S MOTION TO LIFT THE STAY

(ECF No. 77)

Pending before the Court is Plaintiff Darren Gilbert's motion to lift the stay on Plaintiff's motion for attorney's fees. (ECF No. 77)[1] Defendant 7-Eleven, Inc., dba 7-Eleven #23615 has filed an opposition. (ECF No. 78). Briefing is closed on this motion. Pursuant to Local Rule 230(g), the Court submits Plaintiff's motion upon the record and briefs without argument and VACATES the February 3, 2026 hearing. For the reasons that follow, the Court DENIES Plaintiff's motion to lift the stay.

/ / /

/ / /

/ / /

---

[1]  On December 11, 2025, the assigned district judge referred this matter to the undersigned pursuant to 28 U.S.C. § 636(b)(3) for further proceedings. 12/11/2025 Order (ECF No. 74).

1

Plaintiff's motion for attorney's fees was filed on October 20, 2023 and stayed on December 6, 2023 by the district court pending the outcome of Defendant's appeal to the Ninth Circuit Court of Appeals. 12/6/2023 Order (ECF No. 63). The Ninth Circuit affirmed the district court's award of statutory damages for Plaintiff's claim that Defendant violated § 51(f) of the Unruh Act and remanded the matter to the district court to address any issues raised by the substitution of Plaintiff's successors during the pendency of Defendant's appeal. *See* ECF Nos. 67, 69. On December 19, 2025, the undersigned issued an order setting a briefing schedule to address any issues raised by the substitution of Plaintiff's successor's during the pendency of the appeal. 12/19/2025 Order (ECF No. 75). Briefing on these issues has not commenced. *See* Docket.

In his motion, Plaintiff requests the Court lift the stay on the motion for attorney's fees because Defendant's appeal has concluded and the Ninth Circuit has affirmed the district court's judgment awarding damages. (ECF No. 77-1 at 2-3.) Defendant opposes the request arguing that there are issues of Article III standing that require resolution first. (ECF No. 78 at 2.)

A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In light of Defendant's standing arguments, the Court exercises its inherent power to control its own docket and based on judicial economy DENIES Plaintiff's motion to lift the stay on Plaintiff's motion for attorney's fees. The parties are directed to address in their forthcoming briefs on the Ninth Circuit's remand issues whether or not such issues impact Plaintiff's pending motion for attorney's fees.

## CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1.      The February 3, 2026 hearing on Plaintiff's motion to lift the stay is

2

VACATED; and

2.    Plaintiff's motion to lift the stay (ECF No. 77) is DENIED.

Dated:  January 29, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, gilb1984.21

3