UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREN GILBERT,

Plaintiff,

v.

7-ELEVEN, INC., DBA 7-ELEVEN #23615,

Defendant.

Case No. 2:21-cv-01984-WBS-CSK

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO SUBSTITUTE SUCCESSORS IN INTEREST

(ECF No. 80)

Pending before the Court is Plaintiff Darren Gilbert's motion to substitute successors in interest. (ECF No. 80.)[1] A hearing was held on April 7, 2026. (ECF No. 85.) Tanya E. Moore appeared as counsel for Plaintiff. (*Id.*) James A. Spear appeared as counsel for Defendant 7-Eleven, Inc. dba 7-Eleven #23615.[2] (*Id.*) For the reasons that

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(3) for further proceedings. 12/11/2025 Order (ECF No. 74).

[2]  Defendant filed its opposition on behalf of previously dismissed Defendants Jatinder Brar dba 7-Eleven #23615; Jatinder Singh Brar dba 7-Eleven #23615; I-Chung Ho, Trustee of the Ho Living Trust dated October 26, 1991; Min-Ching Ho, Trustee of the Ho Living Trust dated October 26, 1991; and Kathleen A. Ho. *See* ECF No. 83. However, the parties previously stipulated to dismissal of these defendants. See 10/2/2023 Decision n. 1 (ECF No. 53) (indicating dismissal of aforementioned defendants based on the parties' stipulation filed at ECF No. 52). At the hearing, Defendant 7-Eleven, Inc. confirmed that it is the only remaining defendant. Accordingly, the Court will disregard reference to the previously dismissed defendants and only refer to the remaining defendant in this case.

1

follow, the Court ORDERS Plaintiff's motion to substitute successors in interest be DENIED without prejudice.

## I.      BACKGROUND

Plaintiff initiated this action on October 26, 2021 against Defendants. (ECF No. 1.) On August 9, 2022, Plaintiff filed his First Amended Complaint ("FAC") alleging the following causes of action: (1) violation of the Americans with Disabilities Act of 1990 pursuant to 42 U.S.C. § 12101, *et seq.* ("ADA"); (2) violation of California's Unruh Civil Rights Act pursuant to California Civil Code § 51, *et seq.* ("Unruh Act"); and (3) violation of California's Health and Safety Code § 19955, et seq. ("Health and Safety Code § 19955"). FAC ¶¶ 16-46 (ECF No. 16). On September 26 and 27, 2023, the district court held a bench trial and issued its decision on October 2, 2023. 10/2/2023 Decision (ECF No. 53). The district court found in favor of Plaintiff on his claim against Defendant under the Unruh Act (Claim 2) and awarded statutory damages in the amount of $4,000. (*Id*. at 15.) As to all other claims, the district court ruled in favor of Defendant. (*Id.*) Judgment was entered on October 2, 2023. 10/2/2023 Judgment (ECF No. 54).

On October 16, 2023, Plaintiff filed his bill of costs, which were awarded in part on October 31, 2023 by the district court. *See* ECF Nos. 55, 60. On October 30, 2023, Defendant filed a timely notice of appeal to the Ninth Circuit Court of Appeals. (ECF No. 57.) On the same day, Plaintiff filed his motion for attorney's fees and costs. (ECF No. 58.) On December 6, 2023, the district court stayed Plaintiff's motion for attorney's fees pending the outcome of Defendant's appeal to the Ninth Circuit. 12/6/2023 Order (ECF No. 63). Plaintiff died in 2024 and his successors in interest, Tara Gilbert, Cynthia Kemplin, Daryl Gilbert, and Steven Gilbert, were substituted in by the Ninth Circuit as the relevant parties on appeal. *See* ECF No. 69 at 6 n.1. On October 24, 2025, the Ninth Circuit affirmed the district court's award of statutory damages for Plaintiff's claim that Defendant violated § 51(f) of the Unruh Act and remanded the matter to the district court to address any issues raised by the substitution of Plaintiff's successors during the pendency of Defendant's appeal in light of Plaintiff's death. *See* ECF Nos. 67, 69.

After the parties filed status reports, the district judge referred the case to the undersigned for further proceedings. (ECF No. 73.) On December 19, 2025, the undersigned issued an order setting a briefing schedule to address any issues raised by the substitution of Plaintiff's successors during the pendency of the appeal. 12/19/2025 Order (ECF No. 75). On February 17, 2026, Plaintiff filed his pending motion to substitute successors in interest and noticed it for an April 7, 2026 hearing. (ECF No. 80.) Defendant filed its opposition, and Plaintiff has filed his reply. (ECF Nos. 83, 84.) Briefing is now complete, and a hearing was held on April 7, 2026.

## II.    LEGAL STANDARDS

In cases where a party to an action dies after its commencement, Federal Rule of Civil Procedure 25(a)(1) allows a party to substitute another party for a decedent, such as the estate representative or the successor, to effectuate service and grant the court personal jurisdiction. *See Gilmore v. Lockard*, 936 F.3d 857, 864 (9th Cir. 2019) ("[S]ervice after substitution [] preserve[s] a party's rights and claims, while ensuring that a court has personal jurisdiction over the new, proper party."). If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996). However, "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed R. Civ. P. 25(a)(1).

The Ninth Circuit has held that there are two affirmative steps that trigger the running of the Rule 25(a)(1) 90-day period. *Gilmore v. Lockard*, 936 F.3d 857, 865 (9th Cir. 2019) (citing *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994)). "First, a party must formally suggest the death of the party upon the record." *Id*. Second, the suggestion of death must be served on the parties in accordance with Federal Rule of Civil Procedure 5 and must be served on nonparties in accordance with Rule 4. *Id*.; Fed. R. Civ. P. 25(a)(3). If service on non-parties of the suggestion of death is not made pursuant to Rule 4, as provided by Rule 25(a)(1), the 90-day period is not triggered. *Barlow*, 39 F.3d at 234. "The objective of Rule 25(a)(1) is to alert nonparties to the

3

consequences of the death of a party in a pending lawsuit so that they may act if they desire to preserve the decedent's claim." *Bell v. Hous. Auth. of Sacramento*, 2023 WL 4708116, at \*1 (E.D. Cal. July 24, 2023), *report and recommendation adopted*, 2023 WL 5488445 (E.D. Cal. Aug. 24, 2023) (internal quotation marks and citation omitted).

### III.    DISCUSSION

Plaintiff seeks to substitute his four adult children, Tara Gilbert, Cynthia Kemplin, Daryl Gilbert, and Steven Gilbert ("Proposed Successors"), as successors in interest. Pl. Mot. (ECF No. 80-1). Defendant opposes the motion, arguing that the motion is untimely under the 90-day period in Rule 25(a)(1), fails to provide substantive evidentiary proof of legal succession under state law, and fails to comply with Rule 25(a)(3)'s service requirements on nonparties. Def. Opp'n. at 5 (ECF No. 83). At the hearing, Defendant conceded it lacked authority for its position that the 90-day period began to run in October 2024, when no statement of death had been served on nonparties, even though both Defendant and Proposed Successors had actual notice of Plaintiff's death. In his reply, Plaintiff argues the 90-day period was never triggered because Proposed Successors were never personally served with the suggestion of death as required pursuant to Rule 25. Pl. Reply at 2-3 (ECF No. 84.) Because the requirements of Rule 25(a)(3) have not been satisfied, the Court finds Plaintiff's motion is premature and denies the motion without prejudice.

Plaintiff died on June 27, 2024 without a will. 12/3/2025 Successors in Interest Tara Gilbert, Cynthia Kemplin, Daryl Gilbert, and Steven Gilbert's Declaration ¶ 6, Exh. A (Plaintiff's Death Certificate) (ECF No. 80-2); 3/11/2026 Successors in Interest Tara Gilbert, Cynthia Kemplin, Daryl Gilbert, and Steven Gilbert's Supplemental Declaration ¶ 2 (84-1). Plaintiff does not have a surviving spouse and is survived by his four adult children, who are his only children. 12/3/2025 Successors in Interest Decl. ¶¶ 4-5. On October 18, 2024, Plaintiff's counsel served Plaintiff's notice of death on herself and Defendant. Def. Opp'n at 1. Plaintiff's four children were never personally served with a notice of death. 3/11/2026 Successors in Interest Suppl. Decl. ¶ 4. It is clear from the

4

record that the 90-day period has not been triggered pursuant to Rule 25(a)(1) because service of the notice of death has not been made pursuant to Rule 4 on the interested nonparties. *See Barlow*, 39 F.3d at 234 (holding the 90-day period under Rule 25(a)(1) was not triggered by the filing of a suggestion of death by defendants because the suggestion of death was not served on plaintiff's estate pursuant to Rule 4).

Although the 90-day period has not run under Rule 25(a)(1), Plaintiff fails to satisfy Rule 25's service requirements. Plaintiff argues on reply that service has been effected based on the service of Defendant's opposition to the motion. Pl. Reply at 5.[3] Plaintiff's service of the opposition brief does not comply with Rule 25(a)(3) requiring that "[a] motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner." The record before the court does not indicate that Plaintiff has served nonparties with the motion to substitute pursuant to Rule 4. Nor does the record show that any party has served a statement of death on non-party Proposed Successors. To ensure the Court has personal jurisdiction over the nonparties, the Court requires compliance with Rules 4 and 25(a)(3). *See Gilmore*, 936 F.3d at 864.

At oral argument, Defendant raised the following new arguments:  that the purported actions of Plaintiff's counsel in (i) untimely notifying Defendant of Plaintiff's death several months after Plaintiff had died, and (ii) attempting to cure defects in the motion to substitute on reply, constituted a bad-faith breach of the duty of candor. As stated by the Court at the hearing, these arguments were not properly raised. *See, e.g.*, *Booth v. United States*, 914 F.3d 1199, 1206 (9th Cir. 2019) (arguments raised for the first time at oral argument are generally deemed waived). Defendant should have initially raised such arguments in its opposition or requested leave to file a sur-reply to respond to any new evidence or arguments in Plaintiff's reply.[4] The Court nonetheless provided

[3]  Although Plaintiff asserts that Proposed Successors were served with the motion for substitution, a review of the attached proofs of service indicates that Proposed Successors were served only with Defendant's opposition brief. *See* ECF No. 84-2.

[4]  The Court further notes that arguments such as these, challenging opposing

Plaintiff's counsel with the opportunity to respond at the hearing. Having done so, the Court rejects Defendant's arguments alleging bad faith or breach of the duty of candor. The record before the Court shows that Plaintiff's death did not occur while the case was before this district court and that Plaintiff's counsel noticed Plaintiff's death on both Defendant and the Ninth Circuit during the pendency of Defendant's appeal. Although Plaintiff failed to take correct procedural steps under Rule 25, that fails to show evidence of bad faith or breach of counsel's duty of candor.

Because Rule 25 has not been satisfied and the 90-day period has not been triggered, the motion is premature and is denied without prejudice. The Court notes that, at the hearing, Plaintiff indicated that a corrected motion to substitute could be completed within one week. Plaintiff is cautioned that the continued failure to follow all the requirements of Federal Rule of Civil Procedure 25(a) will result in a recommendation that the case be dismissed.

## IV.   CONCLUSION

Based upon the findings above, it is ORDERED:

1.   Plaintiff's motion to substitute successors in interest (ECF No. 80) is DENIED without prejudice;

2.   If Plaintiff files a second motion to substitute, Plaintiff must file a complete motion accompanied by necessary declarations and documentary proof, without reference to prior filings, such that the record before the court is clear as to the second motion to substitute.

Dated:  April 9, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, gilb1984.21

---

counsel's conduct as a breach of their professional duties and for bad faith, are serious allegations, and when made, should be done after careful and thoughtful deliberation. They should not be raised for the first time during what appeared to be off-the-cuff remarks during oral argument.