UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>               Plaintiff,<br><br>    v.<br><br>7-ELEVEN, INC., DBA 7-ELEVEN #23615,<br><br>               Defendant. | Case No. 2:21-cv-01984-WBS-CSK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF'S MOTION TO SUBSTITUTE SUCCESSORS IN INTEREST<br><br>(ECF No. 88) |

Pending before the Court is Plaintiff Darren Gilbert's motion to substitute successors in interest.[1] (ECF No. 88.) Pursuant to Local Rule 230(g), the Court submitted the motion upon the record and briefs on file and vacated the May 19, 2026 hearing. 5/11/2026 Order (ECF No. 91). For the reasons that follow, the Court recommends GRANTING Plaintiff's motion to substitute successors in interest.

**I.      BACKGROUND**

Plaintiff initiated this action on October 26, 2021 against Defendants. (ECF No. 1.) On August 9, 2022, Plaintiff filed his First Amended Complaint ("FAC") alleging the following causes of action: (1) violation of the Americans with Disabilities Act of 1990 pursuant to 42 U.S.C. § 12101, *et seq.* ("ADA"); (2) violation of California's Unruh Civil

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(3) for further proceedings. 12/11/2025 Order (ECF No. 74).

Rights Act pursuant to California Civil Code § 51, *et seq.* ("Unruh Act"); and (3) violation of California's Health and Safety Code § 19955, *et seq.* ("Health and Safety Code § 19955"). FAC ¶¶ 16-46 (ECF No. 16). On September 26 and 27, 2023, the district court held a bench trial and issued its decision on October 2, 2023. 10/2/2023 Decision (ECF No. 53). The district court found in favor of Plaintiff on his claim against Defendant under the Unruh Act (Claim 2) and awarded statutory damages in the amount of $4,000. (*Id*. at 15.) As to all other claims, the district court ruled in favor of Defendant. (*Id.*) Judgment was entered on October 2, 2023. 10/2/2023 Judgment (ECF No. 54).

On October 16, 2023, Plaintiff filed his bill of costs, which were awarded in part on October 31, 2023 by the district court. (*See* ECF Nos. 55, 60.) On October 30, 2023, Defendant filed a timely notice of appeal to the Ninth Circuit Court of Appeals. (ECF No. 57.) On the same day, Plaintiff filed his motion for attorney's fees and costs. (ECF No. 58.) On December 6, 2023, the district court stayed Plaintiff's motion for attorney's fees pending the outcome of Defendant's appeal to the Ninth Circuit. 12/6/2023 Order (ECF No. 63). Plaintiff died in 2024 and his successors in interest, Tara Gilbert, Cynthia Kemplin, Daryl Gilbert, and Steven Gilbert, were substituted in by the Ninth Circuit as the relevant parties on appeal. (*See* ECF No. 69 at 6 n.1.) On October 24, 2025, the Ninth Circuit affirmed the district court's award of statutory damages for Plaintiff's claim that Defendant violated § 51(f) of the Unruh Act and remanded the matter to the district court to address any issues raised by the substitution of Plaintiff's successors during the pendency of Defendant's appeal in light of Plaintiff's death. (*See* ECF Nos. 67, 69.)

After the parties filed status reports, the district judge referred the case to the undersigned for further proceedings. (ECF No. 74.) On December 19, 2025, the undersigned issued an order setting a briefing schedule to address any issues raised by the substitution of Plaintiff's successors during the pendency of the appeal. 12/19/2025 Order (ECF No. 75).

On February 17, 2026, Plaintiff filed his first motion to substitute successors in interest. (ECF No. 80.) A hearing was held on April 7, 2026. (ECF No. 85.) The Court

denied Plaintiff's motion without prejudice, ordering that "[i]f Plaintiff files a second motion to substitute, Plaintiff must file a complete motion accompanied by necessary declarations and documentary proof, without reference to prior filings, such that the record before the court is clear as to the second motion to substitute." 4/9/2026 Order (ECF No. 86).

On April 14, 2026, Plaintiff filed a Notice of Death and a second motion to substitute successors in interest. (ECF Nos. 87, 88.) Defendant filed its opposition and Plaintiff filed his reply. (ECF Nos. 89, 90.) The Court submitted the motion upon the record and briefs and vacated the hearing on Plaintiff's motion set for May 19, 2026. 5/11/2026 Order (ECF No. 91).

## II.     LEGAL STANDARDS

In cases where a party to an action dies after its commencement, Federal Rule of Civil Procedure 25(a)(1) allows a party to substitute another party for a decedent, such as the estate representative or the successor, to effectuate service and grant the court personal jurisdiction. *See Gilmore v. Lockard*, 936 F.3d 857, 864 (9th Cir. 2019) ("[S]ervice after substitution [] preserve[s] a party's rights and claims, while ensuring that a court has personal jurisdiction over the new, proper party."). "In deciding a motion to substitute under Rule 25(a)(1), the court therefore must consider whether: (1) the claims pled are extinguished; (2) the person being substituted is a proper party; (3) the motion is timely." *Wright v. USAA Sav. Bank*, 2019 WL 6341174, at *1 (E.D. Cal. Nov. 27, 2019). If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

## III.    DISCUSSION

Plaintiff seeks to substitute his four adult children, Tara Gilbert, Cynthia Kemplin, Daryl Gilbert, and Steven Gilbert ("Proposed Successors"), as successors in interest. Pl. Mot. (ECF No. 88-1). Defendant opposes the motion, arguing that the motion fails to satisfy the evidentiary requirements for survivorship under California law, the motion fails

3

to establish a "clear record" because Plaintiff re-filed old declarations, and the Notice of Death is invalid because it was signed by Plaintiff's attorney, who cannot suggest the death of her client on the record. Def. Opp'n (ECF No. 89). In his reply, Plaintiff argues that the declarations were filed in good faith and any defects have been remedied by a newly filed declaration, and that any defects in the Notice of Death are irrelevant because a Notice of Death is not required under Rule 25. Pl. Reply (ECF No. 90); *see also* 5/8/2026 Third Declaration of Successors in Interest Tara Gilbert, Cynthia Kemplin, Daryl Gilbert, and Steven Gilbert (ECF No. 90-1).

Because the requirements of Rule 25 have been satisfied, the Court recommends granting Plaintiff's motion to substitute successors in interest.

**A.    Timeliness**

The Ninth Circuit has held that there are two affirmative steps that trigger the running of the Rule 25(a)(1) 90-day period to move for substitution. *Gilmore v. Lockard*, 936 F.3d 857, 865 (9th Cir. 2019) (citing *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994)). "First, a party must formally suggest the death of the party upon the record." *Id*. Second, the suggestion of death must be served on the parties in accordance with Federal Rule of Civil Procedure 5 and must be served on nonparties in accordance with Rule 4. *Id*.; Fed. R. Civ. P. 25(a)(3). "A motion for substitution cannot be made until the 90-day period starts." *Houghton v. ABB, Inc.*, 2019 WL 12762963, at *2 (C.D. Cal. Mar. 18, 2019) (citation omitted).

Here, Plaintiff's motion is timely. Plaintiff filed a Notice of Death on April 14, 2026. (ECF No. 87.) The Notice of Death was served on the non-party Proposed Successors on April 10 and April 11, 2026. (ECF Nos. 87-1, 87-2, 87-3, 87-4.)[2] Plaintiff filed his motion on April 14, 2026, within the 90-day period after service of the Notice of Death on nonparties. *See* Pl. Mot.

---

[2]  Rule 25(a)(3) also requires that the "motion to substitute . . . must be served . . . on nonparties as provided in Rule 4." Plaintiff's proofs of service indicate the motion papers were served on Proposed Successors. (*See* ECF Nos. 87-1, 87-2, 87-3, 87-4.)

4

Defendant argues that the Notice of Death is invalid because it appears to be signed by Plaintiff's attorney, Tanya E. Moore, in her capacity as counsel for the deceased Plaintiff, rather than as counsel for the Proposed Successors. Def. Opp'n at 7. This argument is not well taken. The Court is not persuaded by Defendant's citations to out-of-circuit authority made to support its argument. Further, the attorney block on the Notice of Death indicates that Ms. Moore also represents the Proposed Successors. (ECF No. 87 at 1.) Accordingly, because a statement noting death was properly filed and served on all parties and non-parties pursuant to Rule 25(a), Plaintiff's motion was timely filed "after service of a statement noting [Plaintiff's] death. Fed. R. Civ. P. 25(a)(1).

**B.      Survival of Claims**

Plaintiff's remaining Unruh Act claim and damages award have not been extinguished by his death. "Generally, state substantive law governs whether a state law claim survives the death of party." *Oatridge v. Future Motion, Inc.*, 2025 WL 41935, at *1 (N.D. Cal. Jan. 6, 2025). Under California law, "[e]xcept as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Civ. Proc. Code ("CCP") § 377.20(a). Further, "[i]n an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived." CCP § 377.34(a); *see also Kalani v. Starbucks Coffee Co.*, 698 F. App'x 883, 885 (9th Cir. 2017) (statutory damages award under Unruh Act not extinguished or mooted by plaintiff's death). Defendant does not dispute that Plaintiff's Unruh Act claim and damages survive his death. Accordingly, the second requirement under Rule 25 is met.

**C.      Proper Party**

Proposed Successors are proper parties to this action. "The Court must look to California law to determine a 'proper party' for purposes of Rule 25(a)(1)." *Oatridge,*

5

2025 WL 41935, at *2. "The question of who is a proper party is a substantive issue, for which we must rely upon state law." *Fox v. Cty. of Tulare*, 2014 WL 897040, at *6 (E.D. Cal. Mar. 5, 2014) (quoting *In re Baycol Products Litig.*, 616 F.3d 778, 787-88 (8th Cir. 2010)). California Code of Civil Procedure section 377.31 provides: "On motion after the death of a person who commenced an action or proceeding, the court shall allow a pending action or proceeding that does not abate to be continued by the decedent's personal representative or, if none, by the decedent's successor in interest." A "'decedent's successor in interest' means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." CCP § 377.11.

Here, Proposed Successors have signed declarations which attach Plaintiff's death certificate and state that:  (1) they are the only children of the decedent Plaintiff, whose wife is also deceased; (2) no other person has a superior right to be substituted for Plaintiff in this proceeding; (3) Plaintiff died without a will; and (4) no probate proceedings are pending in California state court. 12/13/2025 Declaration of Successors in Interest Tara Gilbert, Cynthia Kemplin, Daryl Gilbert, and Steven Gilbert (ECF No. 88-2); 3/11/2026 Supplemental Declaration of Successors in Interest Tara Gilbert, Cynthia Kemplin, Daryl Gilbert, and Steven Gilbert (ECF No. 88-4). Plaintiff's reply also includes a third declaration attesting to the same facts. 5/8/2026 Third Declaration of Successors in Interest Tara Gilbert, Cynthia Kemplin, Daryl Gilbert, and Steven Gilbert (ECF No. 90-1). These declarations appear to satisfy the definition of a "successor in interest" under CCP section 377.31.

Defendant's opposition argues that Proposed Successors' declarations fails to meet the requirements for a declaration under CCP section 377.32 because the December 13, 2025 declaration and March 11, 2026 declaration cannot establish that no probate proceeding is currently pending, *i.e.*, as of the filing date of Plaintiff's motion.

///

///

Def. Opp'n at 5-6. This argument fails.[3] Although some district courts have found that a declaration that satisfies the requirements of CCP section 377.32 is sufficient to establish a proper party under Rule 25, *e.g.*, *Byrnes v. Orr*, 2025 WL 1582154, at \*2 (C.D. Cal. Mar. 26, 2025), it is nonetheless the case that "[s]ection 377.32 is a state procedural rule, and in federal court, the Federal Rules of Procedure govern." *Smith v. Specialized Loan Servicing, LLC*, 2017 WL 4050344, at \*2 (S.D. Cal. Sept. 13, 2017); *see also In re Baycol Products Litig.*, 616 F.3d at 786-88 (distinguishing CCP sections 377.31 and 377.11, which are "substantive" provisions addressing "who is a 'successor'" under California law, with section 377.32, which is a "procedural" provision and superseded by federal procedural law); *Wright v. USAA Sav. Bank*, 2019 WL 6341174, at \*2 (E.D. Cal. Nov. 27, 2019) (granting Rule 25 motion to substitute where defendants challenge only whether plaintiff's motion fails to comply with state law requirements). Here, regardless of whether Plaintiff satisfies state procedural requirements, Plaintiff's evidence amply demonstrates that Proposed Successors are successors in interest under California law. Thus, Proposed Successors are proper parties for substitution.[4]

**IV.   CONCLUSION**

Based upon the findings above, it is RECOMMENDED:

1.   Plaintiff's motion to substitute successors in interest (ECF No. 88) be GRANTED;

2.   Tara Gilbert, Cynthia Kemplin, Daryl Gilbert, and Steven Gilbert be substituted as successors in interest for Plaintiff Darren Gilbert; and

---

[3]   Defendant also argues that the "dates and legacy errors" on these prior declarations create "an inherently confusing record." Def. Opp'n at 6. As a result, Defendant requests involuntary dismissal under Rule 41(b) for Plaintiff's alleged failure to follow the Court's order to develop a "clear record" on Plaintiff's second motion to substitute. *Id.* at 4-5. The Court rejects Defendant's contention and recommends denying Defendant's request for involuntary dismissal as meritless.

[4]   Plaintiff requests permission to include in Plaintiff's fee motion (ECF No. 58) attorney's fees that have been reasonably incurred since briefing the fee motion. Pl. Reply at 7. The Court denies this request without prejudice to the issue being raised again once the stay on Plaintiff's fee motion is lifted. *See* 12/7/2023 Order (ECF No. 63); 1/29/2026 Order (ECF No. 79).

3.      The Clerk of Court be directed to update the docket accordingly.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 28, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, gilb1984.21

8